IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT FRANKLIN SHANKS,

    Plaintiff,

v.                                                                                 No. 24-cv-1212-DHU-GJF

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Board of County Commissioners' Motion to Dismiss (Doc. 4) (Motion). Defendant moves to dismiss Plaintiff's *pro se* Prisoner Civil Complaint (Doc. 1-1) (Complaint) on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but grant leave to file an amended complaint.

### BACKGROUND

This case stems from Plaintiff's medical treatment at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. *See* Doc. 1-1 at 1. The Complaint alleges that Plaintiff complained of stomach pain on or about September 13, 2024. *Id.* After five days, Plaintiff was sent to the MDC infirmary. *Id.* The medical provider allegedly failed to properly examine Plaintiff and prescribed milk of magnesia and anti-nausea medication. *Id.* Plaintiff's pain increased for five more days until he was transported to University of New Mexico Hospital (UNMH). *Id.* UNMH providers discovered a cyst in Plaintiff's gastrointestinal tract, which was developing into gangrene. *Id.* UNMH providers treated the issue and discharged Plaintiff back to MDC.

Based on these facts, the Complaint raises 42 U.S.C. § 1983 claims for violation of the Eighth Amendment, the Due Process Clause, and the Equal Protection Clause. *See* Doc. 1-1 at 1. Plaintiff seeks unspecified money damages. *Id.* The caption of the Complaint names the Board of County Commissioners for Bernalillo County (the Board) as the Defendant. *Id.* The body of the Complaint also states: "Plaintiff names Warden R. Otero." *Id.* Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *Id.* The Board removed the case to this Court based on federal-question jurisdiction and filed an answer along with the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Docs. 3, 4. Plaintiff filed two responses to the Motion, and Defendant filed a reply. *See* Docs. 11, 12, 14. The matter is fully briefed and ready for review.

## STANDARD OF REVIEW

Where, as here, a defendant files a motion to dismiss after submitting an answer, the matter must be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 Fed. App'x 795, 799 n.5 (10th Cir. 2013) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings."). Such construction has no practical consequences, as the Rule 12(b)(6) standard applies to all motions under Rule 12(c). *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See*

*Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, courts should generally give *pro se* parties an opportunity to amend their pleading, if the initial complaint fails to state a cognizable claim. *Id.*

**DISCUSSION**

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).

There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint does not name any Defendant who was personally involved in Plaintiff's medical care. As noted above, the only Defendants are the Board and Warden Otero. Local governmental entities may not be held liable under § 1983 for the actions of their employees based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). A similar rule applies to prison supervisors. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("Supervisory liability [under *Monell*] allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements a policy which … causes" a constitutional violation).

The Complaint does not sufficiently plead facts demonstrating *Monell* liability. The relevant allegations state:

> Plaintiff names Warden R. Otero for operating [MDC] deficiently. The facility is understaffed and inadequately supervised and [the] Board … consciously disregard[s] deficiencies in spite of risks to inmates health and safety.

Doc. 1-1 at 1. Understaffing can qualify as a policy/custom for purposes of *Monell* liability. *See Burke v. Regalado,* 935 F.3d 960, 1001 (10th Cir. 2019). However, the above facts do not show "a direct causal link between the custom or policy [understaffing] and the violation [inadequate medical care]." *Jenkins*, 81 F.3d at 993-994. For example, there is no information in the Complaint about Plaintiff's requests for help; the frequently of his complaints to prison officials;

what he reported on his sick-call slips; and whether the medical unit was understaffed. The Complaint therefore fails to state a cognizable § 1983 claim against any Defendant.

The Court will grant the Motion, in part, and dismiss the Complaint. However, leave to amend will be granted, as *pro se* plaintiffs are generally given an opportunity to remedy defects in the initial pleading. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file a single, amended complaint within thirty (30) days of entry of this ruling. The amendment must contain all facts and claims that Plaintiff intends to raise; he cannot amplify his factual allegations in response to a motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted). The amendment must make clear "exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

In addition to describing the failure to staff and train prison officials, the amended complaint must also allege facts showing deliberate indifference to medical needs. The Eighth Amendment deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious medical need, which is satisfied "if a physician directed further treatment after diagnosing the condition or the need for a doctor's attention would be obvious to a lay person." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021). Where the issues stem from a delay in treatment, such delay must cause a "permanent loss[ ] or

considerable pain." *Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) (quotations omitted).  To satisfy the subjective prong of the deliberate-indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind." *Id.* at 751.  Each defendant must have known plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.  *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).  If Plaintiff fails to timely amend or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the claims with or without prejudice.

**IT IS ORDERED** that the Board's Motion to Dismiss (**Doc. 4**) is **GRANTED, in part**, as set forth above; and Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE