IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT FRANKLIN SHANKS,

    Plaintiff,

v.   No. 1:24-cv-1212-DHU-GJF

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Robert Franklin Shanks' failure to amend his prisoner civil rights claims as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. The original Complaint (Doc. 1-1) alleges prison officials failed to treat Plaintiff's stomach pain in September of 2024. He had to wait five days to visit the infirmary, where providers allegedly failed to properly examine him and prescribed ineffective medication. *See* Doc. 1-1 at 1. Plaintiff's pain increased for five more days until he was transported to the University of New Mexico Hospital (UNMH). *Id.* UNMH providers discovered a cyst in Plaintiff's gastrointestinal tract, which was developing into gangrene. *Id.* UNMH providers treated the issue and discharged Plaintiff back to the jail. *Id.*

Based on these facts, the original Complaint seeks money damages under 42 U.S.C. § 1983 and the Eighth Amendment, Due Process Clause, and Equal Protection Clause. *See* Doc. 1-1 at 1. The caption of the original Complaint names the Board of County Commissioners for Bernalillo County (the Board) as the Defendant. *Id.* The body of the Complaint also states: "Plaintiff names Warden R. Otero." *Id.* The Board filed a Motion to Dismiss the original Complaint for failure to

state a cognizable claim under Fed. R. Civ. P. 12(b)(6).

By a ruling entered September 5, 2025, the Court granted the Board's Motion, in part, and determined the original Complaint fails to state a 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 17 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials). The original Complaint fails to connect any Defendant to the deficient medical care or demonstrate that any Defendant is responsible for a policy/custom that caused a constitutional violation. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (successful § 1983 complaints must specify who did what to whom); *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (A § 1983 claim against the county board must "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged"); *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (applying the same rule to prison supervisors).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. The Screening Ruling warns that if he fails to timely comply, the Court may dismiss this case without further notice. The deadline to file an amended complaint expired no later than October 6, 2025. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling, which was returned was undeliverable. *See* Doc. 18. Plaintiff has not notified the Clerk of his current address, as required by D.N.M. Local Civil Rule 83.6.

Ordinarily, courts may dismiss with prejudice where the prior complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice

where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it appears Plaintiff did not receive the Screening Ruling after severing contact with the Court. The Court will therefore dismiss this case, including all claims raised in the original Complaint (Doc. 1-1), without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS ORDERED** that this case, including each claim in Plaintiff Robert Franklin Shanks' original Prisoner Civil Complaint (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE DAVID HERRERA URIAS
United States District Judge